STATE of Minnesota, Appellant,

v.

Mark Anthony KOPERSKI,
Respondent.

No. CX–99–2044.

Court of Appeals of Minnesota.

June 6, 2000.

Mike Hatch, Attorney General, St. Paul, and Raymond F. Schmitz, Olmsted County Attorney, Eric John Olson, Assistant County Attorney, Rochester, for appellant.

John M. Stuart, State Public Defender, Susan J. Andrews, Assistant State Public Defender, Minneapolis, and Terrence M. Walters, Rochester, for respondent.

Considered and decided by TOUSSAINT, Chief Judge, KLAPHAKE, Judge, and FOLEY, Judge

## OPINION

DANIEL F. FOLEY\*, Judge.

Appellant State of Minnesota challenges the trial court's order clarifying its August 26, 1999 order and changing respondent's five-year period of conditional release, imposed as part of his 1995 sentence, to run from January 14, 1999, not April 13, 2001, as determined by the Department of Corrections. Because the sentence originally imposed was inconsistent with Minnesota law, we affirm.

## FACTS

On January 27, 1995, respondent Mark Koperski was sentenced to 81 months in prison for third-degree criminal sexual conduct. Koperski was to serve 54 months of prison time and 27 months under supervised release, which was scheduled to begin on January 14, 1999. On January 13, 1999, Koperski was sentenced to 122 months for first-degree criminal sexual conduct for an incident that occurred in 1987. His supervised release period of 27 months was scheduled to begin on April 13, 2001. The 1999 sentence was to be served concurrently with the 1995 sentence. As a result, Koperski would be serving a prison term under his 1999 sentence while on supervised release under his 1995 sentence, and would begin his supervised release term under his 1999

sentence after his 1995 sentence was served. Koperski's 1999 sentence also included a conditional release period, but it was removed on February 19, 1999, when the court realized that because the crime occurred prior to the enactment of the conditional release statute, it could not lawfully impose such a sentence.

On January 4, 1999, the Department of Corrections (department) sent the trial court a letter inquiring whether a conditional release period was going to be added to Koperski's 1995 sentence. On February 18, the state filed a motion requesting that a five-year term of conditional release be imposed, to which Koperski did not object.

Following the trial court's decision to impose a conditional release period, the department determined that Koperski's conditional release period would begin on April 13, 2001, the day after he was released from prison for his 1999 sentence. On July 12, 1999, Koperski filed a motion for clarification supplemented by a letter explaining that the imposed sentence conflicted with the law. Specifically, he argued that it would require him to serve his supervised release period and conditional release period consecutively, which was prohibited under Minn.Stat. § 609.109, subd. 7(a) (1998). Koperski claimed that the conditional release period should begin January 14, 1999, the date he was to begin his supervised release period for his 1995 conviction. On July 14, 1999, the trial court granted Koperski's motion and modified the dates of his conditional release period, concluding that it should be served concurrently with his supervised release.

## ISSUE

Did the trial court·err in modifying the conditional release period set by the Department of Corrections?

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

## ANALYSIS

■ The state argues that the sentence imposed by the department does not violate the law and should not have been modified, and that the relief sought by respondent was only available through Minn. R.Crim. P. 27.03, subd. 4(E)(4). Interpretation of a sentencing statute is a question of law fully reviewable de novo by this court. *State v. Flemino,* 529 N.W.2d 501, 503 (Minn.App.1995), *review denied* (Minn. May 31, 1995). Moreover, "[t]he court at any time may correct a sentence not authorized by law." Minn. R.Crim. P. 27.03, subd. 9. *See, e.g., Bangert v. State,* 282 N.W.2d 540, 547 (Minn.1979).

### *Modification of Sentence*

■ The state argues that the date set by the department for when Koperski would begin to serve his conditional release period was not in conflict with the law, and his sentence should not have been modified. Koperski was sentenced for two separate crimes, with the sentences being served concurrently. In 1995, he was given an 81–month sentence, and eventually, a period of conditional release was attached to this sentence. His prison sentence for this offense was scheduled to terminate on January 13, 1999, and the supervised release was to begin on January 14, 1999.[1] In January 1999, Koperski was given a 122–month sentence for the conviction of a crime committed in 1987. While Koperski was ordered to serve a 10–year period of conditional release for his 1999 conviction, it was lifted when the court realized that because his crime occurred prior to the enactment of the conditional release statute, a period of conditional release could not lawfully be part of his sentence. Under his 1999 sentence, Koperski is scheduled to be released from prison under on April 12, 2001. The department determined that Koperski would begin his conditional release period for his 1995 sentence on April 13, 2001, after he is released from prison under his 1999 sentence and is placed on supervised release.

The trial court concluded that this sentence is in conflict with Minn.Stat. § 609.109, subd. 7(a) (1998). We agree.

> If the person was convicted for a violation of section * * * 609.344, the person shall be placed on conditional release for five years, minus the time the person served on supervised release.

*Id.* The conditional release date set by the department requires Koperski to serve both his supervised release and conditional release period without crediting him for the period between January 14, 1999 and April 12, 2001, when he will be on supervised release under his 1999 sentence. This is contrary to Minn.Stat. § 609.109, subd. 7(a), which explicitly requires that any supervised release time served be deducted from the conditional release period to be served.

The sentence is also inconsistent with Minnesota case law. This court has held that under Minn.Stat. § 609. 346, subd. 5 (1993), a period of conditional release could not run consecutively to a period of supervised release.[2] *State v. Enger,* 539 N.W.2d 259, 264 (Minn.App.1995). There, the trial court sentenced the defendant to the statutory five-year conditional release in addition to 29 months of supervised release. In modifying the trial court's order, this court considered the fact that prior to the 1993 amendment

> the 1992 statute's use of the term "supervised release" encompassed both the concept of supervised release and that of conditional release as those terms are used in the 1993 statute.

*Id.* This court explicitly stated that "the 1993 statute eliminates the trial court's discretion to sentence appellant to more

---

1. However, because Koperski was serving another prison term concurrently, he was still in prison at the time.

2. Minn.Stat. § 609.346 was repealed in 1998, and replaced with § 609.109, subd. 7(a), which we apply today. The language in both statutes is identical.

than five years combined supervised and conditional release." Because the language of Minn.Stat. § 609.346, subd. 5 is identical to the statute applied here, Minn. Stat. § 609.109, subd. 7(a), Koperski's sentence, as determined by the department, violated not only Minn.Stat. § 609.109, subd. 7(a), but also the holding in *Enger.*

Notwithstanding the existing law, the state maintains that the case law, the minutes from the House Judiciary Committee meetings, and Minn.Stat. § 609.109, subd. 7(a), indicate that the purpose of the statute is to ensure continual supervision of a sex offender after release from prison. In this case, because Koperski is still in prison on the 1999 sentence, the state argues that the 1995 conditional release term cannot start until 2001, long after the start of his period of supervised release.

■ To support this argument, the state first cites to *State v. Humes,* 581 N.W.2d 317, 320 (Minn.1998), which stated:

[T]he conditional release provisions of section 609.346, subd. 5 do not serve to protect any right of the defendant, but rather ensure that supervision of a convicted sex offender will continue after the offender is released.

However, requiring that supervised and conditional release be served concurrently and not consecutively does not defeat the purpose articulated in *Humes.* Because supervised release allows a defendant to serve the remainder of his sentence outside of prison while remaining under continual supervision, a defendant serving a conditional release term concurrently with a supervised release term will necessarily be supervised. In addition, pursuant to Minn.Stat. § 609.109, subd. 7(a), any conditional release remaining after supervised release is served will be attached to his sentence for that offense, providing for further supervision while out of prison. To hold otherwise is contrary to the statute, which requires that supervised release served be deducted from conditional release to be served.

The state also cites to the minutes from the House Judiciary Committee meetings, taken when it was considering amending the conditional release statute to its current form. The committee recommended that the

five year or ten year conditional release period begin *at the end of the term of imprisonment* minus any disciplinary confinement time. In other words, it would begin *when the individual is released from prison.*

*Enger,* 539 N.W.2d at 263 n. 1 (quoting Hearing on H.F. No. 975 Before the House Comm. on Transp. (Mar. 19, 1993)) (emphasis added).

The state claims that in order to be consistent with legislative intent, conditional release must be assessed when the individual is released from prison. As previously discussed, an individual serving his supervised release and conditional release terms concurrently will unavoidably be supervised, and therefore, the trial court's determination is not inconsistent with the intent of the legislature. In fact, the state fails to cite a portion of the committee meeting minutes which provides that "the executed sentence of supervised release, would be run *concurrently* with the five or ten year period of conditional release." *Enger,* 539 N.W.2d at 264 n. 1 (emphasis added). There is no doubt that the intent of the legislature was for conditional release and supervised release to run concurrently once the defendant is released from prison and the trial court did not err in so concluding.

Finally, the state notes that while the conditional release statute provides that supervised release served must be deducted from conditional release to be served, it further provides that the conditional release period shall be served "after the person has completed the sentence imposed." Minn.Stat. § 609.109, subd. 7(a). However, this statement does not prove that the conditional release period must be served in addition to supervised release, but instead, can be read together without

conflicting. Under the statute, once the defendant has served his sentence, which includes his prison time plus supervised release time, any conditional release period that remains after supervised release served has been deducted, will be added to the defendant's sentence. This is precisely what occurred in *Enger*, where this court "reduce[d] the 89 month period of supervised and conditional release to a total of 60 months (29 months supervised plus 31 months conditional)." *Id.* at 264.

 The law requires that Koperski's conditional release begin at the same time as his supervised release under his 1995 sentence, with the remaining months of conditional release being served after supervised release ends. Here, some of the remaining months of conditional release will be served while Koperski is in prison. But, although this produces an anomalous result, "in the absence of statutory authorization, a trial court has no sentencing power." *State v. Lambert*, 388 N.W.2d 34, 37 (Minn.App.1986) (citation omitted), *rev'd on other grounds*, 392 N.W.2d 242 (Minn.1986). This court cannot supply what the legislature has omitted. *State v. Lucas*, 589 N.W.2d 91, 94 (Minn.1999). While this result may appear unfair, it is the only result that the statute authorizes.

Minn.Stat. § 609.109, subd. 7(a) and *Enger* explicitly state that supervised release and conditional release periods must run concurrently. This court's decision in *Enger* and the minutes from the House Judiciary Committee meeting further support what is already a clear and unambiguous statute. Therefore, the sentence requiring Koperski to serve both supervised release and conditional release separately, was contrary to the existing law. We cannot, nor may the department, provide relief where none is provided by law.

*Adequacy of Relief under Minn. R. 27.03, subd. 9*

The state claims that Koperski improperly relied on Minn. R.Crim. P. 27.03, subd. 9 when seeking relief, and argues that his only relief was through Minn. R.Crim. P. 27.03, subd. 4(E)(4). We disagree. Minn. R.Crim. P. 27.03, subd. 9 provides that "[t]he court may at any time correct a sentence not authorized by law." Because the conditional release term added to Koperski's sentence was contrary to Minn.Stat. § 609.109, subd. 7(a) and this court's decision in *Enger*, the trial court properly relied on Minn. R.Crim. P. 27.03, subd. 9 and corrected the sentence. *See Humes*, 581 N.W.2d at 321 (pursuant to Minn. R.Crim. P. § 27.03, subd. 9, district court has jurisdiction to correct defendant's sentence to include conditional release when mandated by statute).

## DECISION

Because the Department of Corrections imposed a conditional release period that conflicted with the law, the trial court properly decided that it had to be modified.

**Affirmed.**