**Howard Wayne MILLER,
petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. A05–952.**

Court of Appeals of Minnesota.

June 6, 2006.

Mary M. McMahon, McMahon & Associates Criminal Defense, Ltd., Roseville, MN, for appellant.

Mike Hatch, Attorney General, St. Paul, MN; and Donald F. Ryan, Crow Wing County Attorney, John J. Sausen, Assistant County Attorney, Brainerd, MN, for respondent.

Considered and decided by TOUSSAINT, Chief Judge; MINGE, Judge; and ROSS, Judge.

## OPINION

MINGE, Judge.

Appellant challenges his sentence on the ground that Minn.Stat. § 609.109, subd. 7(a) (1998), did not allow the district court to impose consecutive terms of conditional release. Because we conclude that the statute's text and purpose do not support the imposition of consecutive conditional release terms, we reverse and remand for resentencing.

## FACTS

Appellant Howard Wayne Miller was charged with two counts of sexual misconduct based on separate incidents against the same victim, and a consolidated jury trial was conducted. Appellant was convicted of one count of first-degree criminal sexual conduct, in violation of Minn.Stat. § 609.342 (1996), and one count of second-degree criminal sexual conduct, in violation of Minn.Stat. § 609.343 (1996). The district court sentenced appellant to 480 months on the first-degree criminal sexual conduct conviction and 42 months on the second-degree criminal sexual conduct conviction and ordered that the sentences be served consecutively. Because appellant had previously been convicted of first-degree criminal sexual conduct, the district court imposed a ten-year period of conditional release, pursuant to Minn.Stat. § 609.109, subd. 7(a) (1998). The district court went on to impose a second consecutive ten-year period of conditional release for the second-degree criminal sexual conduct conviction because it was also an offense eligible for the period under Minn. Stat. § 609.109, subd. 7(a).

This court affirmed appellant's convictions in State v. Miller, No. C9–99–2200, 2000 WL 1468172 (Minn.App. Oct.3, 2000). Appellant filed a postconviction petition in district court seeking a reduction of the sentence for first-degree criminal sexual conduct in light of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and to strike the second consecutive conditional release period. While the district court reduced the sentence for first-degree criminal sexual conduct from 480 to 360 months, it denied appellant's motion to strike the second consecutive term of conditional release.

## ISSUE

Are consecutive terms of conditional release authorized by Minn.Stat. § 609.109, subd. 7(a)?

## ANALYSIS

■■ A district court may at any time correct a sentence that is not authorized by law. Minn. R.Crim. P. 27.03, subd. 9. If the district court denies a motion under Rule 27.03, subd. 9, we will not reverse that decision if it represents a proper exercise of the district court's discretion and the original sentence was authorized by law. *State v. Stutelberg,* 435 N.W.2d 632, 633–34 (Minn.App.1989) (quoting *Fritz v. State,* 284 N.W.2d 377, 386 (Minn.1979)). "[I]n the absence of statutory authorization, a trial court has no sentencing power." *State v. Koperski,* 611 N.W.2d 569, 573 (Minn.App.2000).

■■ The interpretation of sentencing statutes is a question of law, which this court reviews de novo. *State v. Borrego,* 661 N.W.2d 663, 666 (Minn.App.2003). "The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2004). If the statute uses plain and unambiguous language, the court should not engage in further construction, but look to the plain meaning of the statutory language. *State v. Wukawitz,* 662 N.W.2d 517, 525 (Minn.2003). If any ambiguity remains, "[p]enal statutes are to be construed strictly so that all reasonable doubt concerning legislative intent is resolved in favor of the defendant." *State v. Koenig,* 666 N.W.2d 366, 372–73 (Minn.2003).

At the time of appellant's sentencing, the conditional release statute provided that:

> [W]hen a court sentences a person to prison for a violation of section 609.342, 609.343, 609.344, or 609.345, the court shall provide that after the person has completed the sentence imposed, the commissioner of corrections shall place the person on conditional release.... If the person was convicted for a violation of [section 609.342, 609.343, 609.344, or 609.345] ... the person shall be placed on conditional release for ten years, minus the time the person served on supervised release.

Minn.Stat. § 609.109, subd. 7(a) (1998).

The question of whether a court may impose consecutive terms of conditional release is one of first impression. The statute does not expressly provide for multiple or consecutive conditional release periods.[1] In fact, as written, the text provides for only a single period of conditional release lasting either five or ten years. *See id.* As the Minnesota Supreme Court has observed, "[t]he plain meaning of the phrase, 'the person *shall* be placed on conditional release for five years ... [or] ten years' indicates that the period of conditional release must be either five or ten years, not more and not less." *Wukawitz,* 662 N.W.2d at 525. Additionally, a second consecutive period of conditional release would violate the statutory direction to begin the conditional release term "after the person has completed the sentence imposed." Minn.Stat. § 609.109, subd. 7(a); *see also Wukawitz,* 662 N.W.2d at 525 (conditional release "cannot begin prior to the inmate's release from prison"). Consecutive sentences and periods of supervised release are aggregated. *See* Minn. Sent. Guidelines II.F.02. After serving consecutive sentences, a person can only be released from prison once.[2] The

---

1. The Minnesota Sentencing Guidelines contain no authorization for consecutive periods of conditional release. This omission contrasts with Minn. Sent. Guidelines II.F, which expressly permits consecutive sentences of imprisonment.

2. We acknowledge there may be unique circumstances. *See Koperski,* 611 N.W.2d at

statute requires conditional release to begin with release from prison, upon the completion of the sentence, not after a prior term of conditional release.

Even if we were to find the statute's text ambiguous, the rule of lenity requires this court to construe the statute in favor of a criminal defendant. "This court cannot supply what the legislature has omitted." *Koperski*, 611 N.W.2d at 573. Absent a clear statement by the legislature authorizing consecutive terms of conditional release, we will not read one into the statute when its plain text calls for only a single period.

■ The purpose served by the conditional release statute provides further support for this interpretation. Conditional release functions as "a term of supervision," *Wukawitz*, 662 N.W.2d at 520 n. 2, or "probation," *State v. Humes*, 581 N.W.2d 317, 319 n. 2 (Minn.1998). It places former prisoners under the close supervision of the commissioner of corrections, to promote their successful re-entry into society during a potentially difficult period of transition. Minn.Stat. § 609.109, subd. 7(b) (1998) ("The conditions of release may include successful completion of treatment and aftercare in a program approved by the commissioner, satisfaction of the release conditions specified in section 244.05, subdivision 6, and any other condi-

tions the commissioner considers appropriate."). Consecutive conditional release sentences go beyond that purpose.

Based on the foregoing considerations, we conclude that consecutive conditional release sentences were unauthorized as a matter of law. We reverse and remand for resentencing. In the absence of a determination by the district court, we direct that the conditional release term for the first conviction should be vacated and that only the conditional release term for the second offense (second-degree criminal sexual conduct) then remains.[3]

### DECISION

Conditional release applies only at the end of a term of imprisonment, even a combined term involving consecutive sentences. Because multiple or consecutive conditional release terms cannot be imposed for convictions resulting from a single trial, the original sentence was unauthorized as a matter of law.

**Reversed and remanded.**

---

571. However, no unique circumstance has been argued or appears to exist in the case before us.

**3.** We note that this issue may become moot. Appellant is presently 49 years old. Even if he commits no disciplinary offenses, and serves as much as the maximum one-third of his sentence on supervised release, pursuant to Minn.Stat. §§ 244.101, subd. 1 (2004),

244.05, subd. 1b (2004), no additional conditional release term would be served and he would be 75 years old when discharged from the supervision of the commissioner of corrections. If disciplinary offenses occur and the full sentence is served incarcerated, he would be 84 years old when the conditional release term ends.