STATE of Minnesota, ex rel. Billy
PETERSON, petitioner,
Appellant,

v.

Joan FABIAN, Commissioner of
Corrections, Respondent.

No. A10–581.

Court of Appeals of Minnesota.

June 29, 2010.

the constitutional rights of one group of citizens by infringing upon the rights of another group'').

David W. Merchant, Chief Appellate Public Defender, Richard A. Schmitz, Assistant Public Defender, St. Paul, MN, for appellant.

Lori Swanson, Attorney General, Jackson J. Evans, Assistant Attorney General and Krista J. Guinn Fink, St. Paul, Minnesota, for respondent.

Considered and decided by TOUSSAINT, Chief Judge; SCHELLHAS, Judge; and CONNOLLY, Judge.

## OPINION

SCHELLHAS, Judge.

This expedited appeal is from an order denying appellant Billy Peterson's petition for a writ of habeas corpus challenging the extension of his incarceration beyond the completion of his sentence. We reverse and remand.

## FACTS

On August 7, 2008, the district court committed Peterson to the Commissioner of the Minnesota Department of Corrections for one year and one day for his conviction of failing to register as a predatory offender. The completion date of Peterson's sentence was February 3, 2009. Peterson's sentence required the commissioner to place him on conditional release for ten years after he completed the sentence.

On October 6, 2008, the Minnesota Department of Corrections (DOC) placed Peterson on intensive supervised release. On December 8, DOC revoked Peterson's supervised release, based on his violations of supervised-release conditions that he have no contact with other felons or minors,[1] and sanctioned him with 250 additional days of incarceration. This additional period of incarceration extended beyond February 3, 2009, the completion date of Peterson's sentence and into Peterson's ten-year conditional-release term, which began February 4, 2009.

On July 27, 2009, DOC held a hearing because Peterson, a Level III sex offender, did not yet have an agent-approved housing plan. At the hearing, Peterson's attorney argued that Peterson was entitled to release on February 3, 2009, the completion date of his sentence. DOC rejected the argument, stating that Peterson's "continued incarceration beginning with his initial revocation and continuing into the period of conditional release is appropriate, as the same release conditions apply to both supervised and conditional release." The DOC order stated:

It is [DOC Hearings and Release Unit's] position that [Peterson's] continued incarceration beginning with his initial revocation and continuing into the period of conditional release is appropriate, as the same release conditions apply to both supervised and conditional release. The liberty interest [Peterson] had with respect to his [supervised-release date] is not present in his [projected release date], and was not present on the expiration date of February 3, 2009. [Peterson] is still under the custody of the Commissioner during this conditional release, has previously been properly revoked from supervision, and is in custody pending an approved release plan. Should [Peterson] have violated his condition of release after February 3, 2009

---

1. DOC also found that Peterson possessed a dangerous weapon.

he could have been returned to custody in the same manner as he was when he violated before his expiration. Detaining him past expiration and into his conditional release period does not therefore amount to an unlawful detention. DOC consequently extended Peterson's projected release date "180 days or less to investigate counties to which [Peterson] may have historical ties, and possible placement plans."

Peterson filed a habeas petition in December 2009, challenging his continued incarceration. The district court denied the petition, adopting the commissioner's argument and stating:

> As the [commissioner] argued, [Peterson's] sentence "remained active, and custody was never transferred from the commissioner's supervision when his conditional release term began." [Peterson] was not entitled to be released prior to serving his conditional release, and the decision to revoke the release of [Peterson] was within the discretion of the Department of Corrections Hearing Officer.

This appeal follows.

## ISSUE

Did DOC have authority to continue Peterson's incarceration beyond his sentence expiration date for a violation of his intensive supervised release?

## ANALYSIS

■ The district court's findings in support of its denial of Peterson's petition for habeas corpus are entitled to great weight, and we will uphold them if reasonably supported by the evidence. *Northwest v. LaFleur,* 583 N.W.2d 589, 591 (Minn.App. 1998), *review denied* (Minn. Nov. 17, 1998). We review questions of law de novo. *State ex rel. Guth v. Fabian,* 716 N.W.2d 23, 26 (Minn.App.2006), *review denied* (Minn. Aug. 15, 2006).

■ Peterson argues that conditional release is consecutive to supervised release and that the extension of his incarceration beyond the completion of his sentence, based on a supervised-release violation, is unlawful. We agree.

Citing Minn.Stat. § 244.05, subd. 6 (2008), DOC argues that the supervised-release and conditional-release terms together make up "one seamless supervision period." But section 244.05, subdivision 6, merely provides that the higher level of supervision known as intensive supervised release may be applied to both supervised release and conditional release; it does not support DOC's argument that the terms make up "one seamless supervision period." And even if DOC can consider the terms as one seamless period for ease of administration, principles of due process and fairness require the court to distinguish between them for purposes of sentencing and sanctions.

Unlike conditional release, supervised release applies to *all* offenders and is included *within* the sentence duration pronounced. *See* Minn.Stat. §§ 244.05, subds. 1, 1b, 244.101, subd. 1 (2008). The sanction for violation of supervised release is limited to serving the remaining time on the sentence imposed (a maximum of one-third of the sentence imposed). Minn.Stat. §§ 244.05, subd. 3, .101, subd. 1 (2008). Conditional release applies only to *some* offenders, primarily sex offenders, and follows completion of the sentence imposed. *See* Minn.Stat. §§ 243.166, subd. 5a (stating that "the court shall provide that after the person has completed the sentence imposed, the commissioner shall place the person on conditional release for ten years"), 609.3455, subd. 6 (providing conditional release term for sex offenders "after the offender has completed the sentence imposed") (2008). The sanction for violation of conditional release may be impris-

onment for the entire duration of the conditional-release term (here, ten years). Minn.Stat. § 609.3455, subd. 8(b) (2008).

Peterson compares the conditional-release statute applicable to sex offenders, Minn.Stat. § 609.3455, subd. 6, with the conditional-release statute applicable to predatory offenders who fail to register, Minn.Stat. § 243.166, subd. 5a. The statute applicable to sex offenders provides for a mandatory ten-year conditional-release term "minus the time the offender served on supervised release." Minn.Stat. § 609.3455, subd. 6. Section 243.166, subdivision 5a, applicable to failure-to-register predatory offenders, does not include the quoted language: "minus the time the offender served on supervised release." Peterson argues that because section 243.166, subdivision 5a, does not include the quoted language, conditional release for failure-to-register predatory offenders is consecutive to a supervised-release term.

We conclude that a conditional-release term for failure-to-register offenders under Minn.Stat. § 243.166, subd. 5a, is consecutive to a supervised-release term but not because the statute lacks the language, "minus the time the offender served on supervised release," found in Minn.Stat. § 609.3455, subd. 6. Section 609.3455, subdivision 6, merely directs a court to credit against a conditional-release term a person's time spent on supervised release. Such credit is consistent with public-policy considerations that favor a person's success on supervised release. Persons who are unsuccessful on supervised release often have their supervised release revoked and are returned to prison to complete their sentence imposed.

Instead, we apply the clear language of section 243.166, subdivision 5a, that "the

court shall provide that *after* the person has completed the *sentence* imposed, the commissioner shall place the person on conditional release for ten years." (Emphasis added.) A sentence consists of a minimum term of imprisonment equal to two-thirds of the executed sentence, and a maximum supervised-release term equal to one-third of that sentence. Minn.Stat. § 244.101, subd. 1. The "term of imprisonment" is defined as the two-thirds part of the executed sentence. *Id.* The legislature could have provided that the conditional-release term would begin after completion of the "term of imprisonment," but it did not do so. This court cannot supply what the legislature has overlooked or deliberately omitted. *State v. Coonrod,* 652 N.W.2d 715, 723 (Minn.App.2002), *review denied* (Minn. Jan. 21, 2003). Because the "sentence" includes both the term of imprisonment and the term of supervised release, the conditional-release term under Minn.Stat. § 243.166, subd. 5a, does not commence until after both the term of imprisonment and the term of supervised release are completed.[2]

■ Peterson completed his sentence on February 3, 2009, after he completed both his terms of imprisonment and supervised release. "The expiration of a sentence operates as discharge that bars further sanctions for a criminal conviction." *State v. Purdy,* 589 N.W.2d 496, 498 (Minn.App. 1999). Because Peterson violated supervised release, not conditional release, on which the commissioner had not yet placed him, the completion of his sentence on February 3, 2009, barred further sanctions relative to his supervised-release violation. *See id.* (holding that because defendant's sentence expired, district court lacked ju-

2. We note that DOC's determination of the expiration date of Peterson's conditional-release term is consistent with this conclusion and conflicts with its legal argument. DOC

has calculated Peterson's conditional-release term as expiring on February 3, 2019, ten years after the expiration of Peterson's supervised-release term on February 3, 2009.

risdiction to modify it by adding a term of conditional release).

This court has previously struggled with the difference between supervised release and conditional release in two published opinions, *State v. Enger*, 539 N.W.2d 259, 263–64 (Minn.App.1995), *review denied* (Minn. Dec. 20, 1995), and *State v. Koperski*, 611 N.W.2d 569, 573 (Minn.App.2000). This court decided *Enger* following a 1993 legislative amendment, which clarified the difference between supervised release and conditional release and included language subtracting the supervised-release term from the conditional-release term for certain sex offenders. In *Enger*, this court held that the district court should have reduced the conditional-release term by the length of the supervised-release term. *Id.* at 264.

In *Koperski*, citing *Enger*, this court stated that the sex-offender conditional-release statute and *"Enger explicitly state* that supervised release and conditional release periods must run concurrently." 611 N.W.2d at 573. But, in *Enger*, this court did not use the term "concurrently" or hold that the two release terms must run concurrently. *See* 539 N.W.2d 259. Rather, this court stated that the "conditional release period must be reduced by the supervised release period." *Id.* at 260. And the effective statute at that time did not use the term "concurrently"; rather, the statute, Minn.Stat. § 609.109, subd. 7(a) (1998), provided, like Minn.Stat. § 609.3455, subd. 6, in 2008, that "the person shall be placed on conditional release for ten years, minus the time the person served on supervised release."

But unlike in *Enger* and *Koperski*, the issue here is not whether Peterson is entitled to credit against his conditional-release term for time served on supervised release; the issue is the time at which the conditional-release term begins. *Enger* and *Koperski* do not provide guidance on this issue.[3]

■ Peterson argues that when he violated his supervised release, he was not on conditional release, and therefore his sanction for violating supervised release could not extend beyond February 3, 2009, when he completed his sentence imposed. We agree. Peterson could not violate his conditional release before the commissioner placed him on conditional release. Although the conditions of supervised release and conditional release may be similar or identical, a violation of supervised release does not support a sanction that extends beyond the completion of the supervised-release term and beyond the completion of the sentence imposed. *Cf. State v. Whitfield*, 483 N.W.2d 102 (Minn.App.1992) (holding that district court lacked jurisdiction to revoke probation after probationary period had expired), *superseded by statute*, Minn.Stat. § 609.14, subd. 1(b) (2008) (extending time to revoke probation to six months beyond the expiration of the stay of imposition or execution of sentence). The legislature has made no such express allowance in this case.

DOC argues that because conditional release may be revoked for a violation of "any condition of release" under Minn. Stat. § 609.3455, subd. 8(b), it may be revoked for a violation of a condition of *supervised* release. This argument reads

---

**3.** In *State v. Wukawitz*, 662 N.W.2d 517, 525 (Minn.2003), the supreme court discussed the appropriate remedy when the imposition of a conditional-release term violates a plea agreement. The court interpreted the conditional-release provisions for sex offenders as requir-

ing that "the conditional release term cannot begin prior to the inmate's release from prison." The court did not address whether the conditional-release term is consecutive to or concurrent with the person's supervised-release period.

more into the statute than the language will support. *See Coonrod,* 652 N.W.2d at 723 (holding that appellate court cannot supply what the legislature has overlooked or deliberately omitted). We do not embrace DOC's broad interpretation of the statute.

## DECISION

Because DOC's sanction for Peterson's supervised-release violation could not extend beyond the completion of his sentence imposed, the district court erred by denying Peterson's petition for a writ of habeas corpus. We reverse and remand this case to the district court for further proceedings consistent with this opinion.

**Reversed and remanded.**