*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1113**

Harold David Yaritz, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed February 2, 2015
Affirmed
Reyes, Judge**

Ramsey County District Court
File No. 62CR0910885

Harold David Yaritz, Bayport, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Laura S. Rosenthal, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Considered and decided by Worke, Presiding Judge; Reyes, Judge; and Crippen, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**REYES**, Judge

Appellant Harold Yaritz, pro se, challenges the district court's denial of his petition for postconviction relief. Yaritz seeks to withdraw his guilty plea pursuant to Minnesota Rules of Criminal Procedure 15.05 on the grounds that recent decisions issued by this court now violate his plea agreement. We affirm.

## FACTS

On June 6, 2009, Yaritz was arrested after an incident involving L.A., Yaritz's 17-year-old step-daughter. Yaritz was charged with one count of criminal sexual conduct in the first degree and one count of use of a minor in a sexual performance. Pursuant to a plea agreement, Yaritz pleaded guilty to both charges and waived his right to a *Blakely* hearing. *See Blakely v. Washington*, 542 U.S. 296, 303, 124 S. Ct. 2531, 2537 (2004) (establishing that a criminal defendant has a right to a jury trial on facts used by a district court to support an upward sentencing departure). On October 30, 2009, Yaritz was sentenced to 288 months in accordance with an upward sentencing departure. The sentencing judge noted a number of factors justifying the departure, including the cruelty with which the incident was conducted, the vulnerability of the victim, the multiple acts committed, the planning and sophistication required, and the use of a dangerous weapon.

Yaritz filed a direct appeal of his sentence and this court affirmed. *State v. Yaritz*, 791 N.W.2d 138 (Minn. App. 2010), *review denied* (Minn. Feb. 23, 2011). The Minnesota Supreme Court denied Yartiz's petition for further review and judgment was entered on March 31, 2011. Yaritz filed a petition for postconviction relief on January

21, 2014 seeking guilty plea withdrawal. The district court denied the petition as time barred and meritless. This appeal follows.

## DECISION

"[Appellate courts] review the denial of postconviction relief for an abuse of discretion. In doing so, we review the postconviction court's legal conclusions de novo, and its findings of fact for clear error." *Greer v. State*, 836 N.W.2d 520, 522 (Minn. 2013) (citations omitted). Yaritz argues that he should be allowed to withdraw his guilty plea in light of this court's decisions in *State ex rel. Peterson v. Fabian*, 784 N.W.2d 843 (Minn. App. 2010) and *State ex rel. Cote v. Roy*, No. A11-727 (Minn. App. Nov. 15, 2011) (order op.), *review denied* (Minn. Jan. 25, 2012). Yaritz states that these decisions place new conditions on his conditional-release period to which he did not originally agree. But this argument will not be considered if it is barred by (1) the time restrictions in Minn. Stat. § 590.01, subd. 4(a)(2) (2014) or (2) the restrictions outlined in *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976).

## I.     Time bar

Yaritz seeks to withdraw his guilty plea pursuant to Minnesota Rules of Criminal Procedure 15.05. "When a criminal defendant seeks to withdraw a guilty plea under Rule 15.05, after the defendant has been sentenced, the motion to withdraw the plea must be raised in a petition for postconviction relief." *James v. State*, 699 N.W.2d 723, 727 (Minn. 2005). Minnesota law provides that "[n]o petition for postconviction relief may be filed more than two years after . . . an appellate court's disposition of petitioner's direct appeal." Minn. Stat. § 590.01, subd. 4(a)(2). A conviction becomes final when the

3

time for petitioning the United States Supreme Court for review expires.  *See Moua v. State*, 778 N.W.2d 286, 288 (Minn. 2010).  The Minnesota Supreme Court denied Yaritz's petition for review on his direct appeal on February 23, 2011.  The time period for Yaritz to petition the United States Supreme Court for review expired 90 days after his denial.  *See* Sup. Ct. R. 13.1 (requiring petitions for writ of certiorari to be filed within 90 days after entry of the state court order denying discretionary review); *see also Berkovitz v. State*, 826 N.W.2d 203, 207 (Minn. 2013) (concluding that, for purposes of applying the two-year limitation, the petitioner's conviction became final 90 days after the Minnesota Supreme Court decided the petitioner's direct appeal).  Yaritz's convictions became final on May 24, 2011, 90 days after the Minnesota Supreme Court denied review on February 23, 2011.  The two-year filing period therefore ended on May 24, 2013.

Because Yaritz did not file his petition until January 21, 2014, Yaritz is statutorily barred from bringing his petition unless he can establish that an exception to the statute applies.  *See* Minn. Stat. § 590.01, subd. 4(b) (2014).  Subdivision 4(b) recognizes several exceptions to the two-year limitation period, including: (1) a physical disability or mental disease precluding timely assertion of the claim; (2) allegations of the existence of newly discovered evidence; (3) a new interpretation of federal or state law; (4) an application for relief for a conviction arising prior to May 1980; or (5) a petition that is not frivolous and is brought in the interests of justice.  *Id.*  Yaritz argues that the third and fifth exceptions are applicable.

Yaritz first argues that his petition is timely because this court's decisions in *Peterson* and *Cote* signaled a new interpretation of law which retroactively affected the conditional-release provisions of his plea agreement. "Any petition invoking an exception provided in paragraph (b) must be filed within two years of the date the claim arises." Minn. Stat. § 590.01, subd. 4(c) (2014). The date a "claim arises" is interpreted under an objective standard and not when a defendant subjectively realizes that there is a claim. *Sanchez v. State*, 816 N.W.2d 550, 558-60 (Minn. 2012). "Claim refers to an event that supports a right to relief under the asserted exception." *Yang v. State*, 805 N.W.2d 921, 925 (Minn. App. 2011) (quotation omitted), *review denied* (Minn. Aug. 7, 2012). Here, the "event" supporting Yaritz's claim under this exception is the issuance of the *Cote* opinion, which occurred on November 15, 2011. *State ex rel. Cote v. Roy*, No. A11-727 (Minn. App. Nov. 15, 2011) (order op.) *review denied* (Minn. Jan. 25, 2012). Thus, even if we assume Yaritz's assessment of *Cote* is correct, the two-year deadline would require him to file his petition by November 15, 2013. Because he did not file until January 21, 2014, this exception does not apply.

Yaritz next argues that his petition falls under the interest-of-justice exception. The two-year limit does not bar consideration of a postconviction claim if "the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice." Minn. Stat. § 590.01, subd. 4(b)(5) (2014). "A petition is frivolous if it is perfectly apparent, without argument, that the petition is without merit." *Gassler v. State*, 787 N.W.2d 575, 586 (Minn. 2010). The "interests of justice" referred to in section 590.01, subdivision 4(b)(5) "relate to the *reason* the [postconviction] petition was

filed after the 2-year time limit . . . not the *substantive claims* in the petition." *Sanchez*, 816 N.W.2d at 557.

Here, Yaritz states that the issues in his petition were "raised as learned." But when Yaritz actually learned he had a claim is irrelevant because an objective standard determines when a claim arises, not the subjective standard of when the person actually heard of it. *Id*. at 558-60. Moreover, Yaritz has not presented anything suggesting that he suffered a "fundamental unfairness" that needs to be addressed or that this court needs to act "to protect the integrity of judicial proceedings." *Gassler*, 787 N.W.2d at 587. Accordingly, this is not one of those "exceptional situations" where the interest-of-justice exception applies. *See id*.; *see also Deegan v. State*, 711 N.W.2d 89, 94 (Minn. 2006) (stating that the interests-of-justice exception is "quite narrow" and that "the grounds for postconviction relief are substantially limited once a direct appeal has been taken"). Because none of the exceptions to the two-year time bar apply, the district court did not abuse its discretion when it ruled that Yaritz's claim was untimely.

## II.    *Knaffla* **bar**

Although not explicitly stated in the district court's order, Yaritz's petition is also barred pursuant to *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976). The *Knaffla* rule requires that once a direct appeal has been taken, all claims raised in the appeal, and all claims known or should have been known at the time of appeal, will not be considered in a subsequent petition for postconviction relief. 309 Minn. at 252, 243 N.W.2d at 741. The *Knaffla* rule contains two exceptions. A claim known but not raised on direct appeal is not barred "if the claim's novelty was so great that its legal basis was not reasonably

6

available when direct appeal was taken." *Leake v. State*, 737 N.W.2d 531, 535 (Minn. 2007).  A claim is also not *Knaffla* barred in limited situations where "fairness so requires and if the petitioner did not deliberately and inexcusably fail to raise the issue on direct appeal." *Roby v. State*, 531 N.W.2d 482, 484 (Minn. 1995) (quotation marks omitted).

The *Knaffla* bar is implicated here because Yaritz currently raises a claim that should have been known at the time of his direct appeal.  Yaritz began his direct appeal on January 6, 2010.  While the briefing process in Yaritz's appeal was still ongoing, this court issued the *Peterson* opinion in June of 2010.  Despite the availability of the *Peterson* opinion, Yaritz made no reference to it during any of his briefs to this court. Because a claim based on the *Peterson* opinion was available to Yaritz at the time of his direct appeal, he is barred from bringing any such claim unless he can establish that an exception applies.[1]

Yaritz does not argue that his claims fit within the first *Knaffla* exception.  Instead, Yaritz once again relies on the interest-of-justice exception.  To qualify under this exception, "a claim must have merit and must be asserted without deliberate or inexcusable delay." *Wright v. State*, 765 N.W.2d 85, 90 (Minn. 2009).  But Yaritz—who was made aware of the conditional-release period during sentencing—now offers no

---

[1] Yaritz makes additional reference to the *Cote* opinion, which would not have been available to him during his direct appeal as it was not issued until 2011.  However, *Cote* simply restates the position this court took in *Peterson*, namely that violations which take place during the supervised-release period cannot extend beyond completion of the sentence into the conditional-release period.  As such, any argument made available by the *Cote* opinion would have already been made available by the *Peterson* opinion, and thus the *Knaffla* bar remains.  Notably, this analysis means that Yaritz's claim is even more tardy because his two-year deadline is not November 15, 2013 (two years after *Cote*), but rather June 29, 2012 (two years after *Peterson*).

7

reason explaining why he failed to bring his claim on direct appeal when the *Peterson* opinion was available to him at that time.  Because Yaritz's current claim is asserted with "inexcusable delay," the interest-of-justice exception does not apply and is thus *Knaffla* barred.

Because his claim is both time barred and *Knaffla* barred, the district court did not abuse its discretion when it dismissed Yaritz's petition for postconviction relief.[2]

**Affirmed**.

---

[2] Although we decline to reach the merits of Yaritz's appeal, we note that Yaritz offers no explanation as to how the *Peterson* and *Cote* opinions invalidate his guilty plea.  At issue in *Peterson* and *Cote* was whether a violation during the supervised-release period could result in sanctions which extend incarceration beyond the sentence's duration and into the conditional-release period  *See Peterson*, 784 N.W.2d at 845; *State ex rel. Cote v. Roy*, No. A11-727 (Minn. App. Nov. 15, 2011) (order op.), *review denied* (Minn. Jan. 25, 2012).  But that is not the scenario here.  Yaritz is still serving his sentence and has not yet entered into the supervised-release period.  As such, the *Peterson* and *Cote* opinions are not relevant to the validity of his guilty plea.