*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-1050**

State of Minnesota,
Respondent,

vs.

Everett Williams, Jr.,
Appellant.

**Filed January 30, 2017
Affirmed
Connolly, Judge**

Hennepin County District Court
File No. 27-CR-15-33627

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael Freeman, Hennepin County Attorney, Michael Richardson, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Daniel C. Guerrero, Meshbesher & Spence, Ltd., Minneapolis, Minnesota (for appellant)

Considered and decided by Bjorkman, Presiding Judge; Connolly, Judge; and Reilly, Judge.

UNPUBLISHED OPINION

**CONNOLLY**, Judge

In this sentencing appeal, appellant argues that the district court abused its discretion in denying his motion for a downward departure and imposing the 60-month mandatory minimum sentence on him for the crime of felon in possession of a firearm. Because Minn. Stat. § 609.11, subd. 8(b) (2016), does not give a district court discretion to depart from the mandatory sentence, we affirm.

## FACTS

On November 28, 2015, appellant Everett Williams Jr. was arrested after shooting and killing his neighbor, R.M., with a handgun. On that day, appellant was not allowed to possess, either actually or constructively, a firearm because of a prior conviction of assault with a dangerous weapon. Appellant was charged with one count of second-degree murder. Appellant gave notice of his intent to assert at trial self-defense, defense of dwelling, and defense of others. The complaint was amended to add one count of possession of ammunition or a firearm after being convicted for a crime of violence. The state dismissed the second-degree-murder charge concluding that it was more likely than not that the shooting was done in self-defense. Because the state could not prove that charge beyond a reasonable doubt, it determined that it would be inappropriate to go forward on that charge. But, because appellant was not eligible to possess the firearm he used when he shot the victim, the case proceeded on the felon-in-possession of a firearm charge.

After brief arguments regarding necessity as a defense, appellant decided to enter a straight plea of guilty. He was aware that the state believed the mandatory sentence for

him, was a minimum of 60 months in prison.  The district court found that appellant voluntarily and intelligently waived his trial rights and admitted facts sufficient to be found guilty.

At the sentencing hearing appellant moved for a downward sentencing departure and argued that the district court was not precluded from granting this motion under the plain language of Minn. Stat. § 609.11, subd. 8(b).  The district court concluded that it did not have discretion to depart from the mandatory sentence and sentenced appellant to 60 months in prison.

## D E C I S I O N

"The interpretation of sentencing statutes is a question of law, which this court reviews de novo."  *Miller v. State*, 714 N.W.2d 745, 747 (Minn. App. 2006).  Minn. Stat. § 609.11, subd. 8 states:

> Motion by prosecutor.  (a) Except as otherwise provided in paragraph[] (b) . . . prior to the time of sentencing, the prosecutor may file a motion to have the defendant sentenced without regard to the mandatory minimum sentences established by this section . . . .  When presented with the motion, or on its own motion, the court may sentence the defendant without regard to the mandatory minimum sentences . . . if the court finds substantial and compelling reasons to do so.  . . . (b) *The court may not, on its own motion or the prosecutor's motion,* sentence a defendant without regard to the mandatory minimum sentences established by this section if the defendant previously has been convicted of an offense listed in subdivision 9 in which the defendant used or possessed a firearm or other dangerous weapon.

(Emphasis added.) It is undisputed that appellant had previously been convicted of an offense listed in subdivision 9 in which he had used or possessed a firearm or other dangerous weapon.

Appellant argues that, because Minn. Stat. § 609.11, subd. 8(b), does not expressly preclude "sentenc[ing] a defendant without regard to the mandatory minimum sentences" when the motion is made by the defendant, as opposed to the court or the prosecution, the court can exercise its discretion to depart from the mandatory sentence because the defendant made the motion for departure. We disagree.

We conclude that *State v. Sheppard*, is dispositive of the issue. 587 N.W.2d 53 (Minn. App. 1998), *review denied* (Minn. Jan. 27, 1999). In *Sheppard*, the defendant entered a guilty plea to a charge of felon-in-possession and "asked the court to depart from the mandatory-minimum sentence for felon in possession, arguing that the court should, and had the authority to, sentence without regard to section 609.11, subd. 8(b), which denied the prosecutor and court discretion to depart from mandatory-minimum sentences." *Id.* at 54.

> [S]ection 609.11, subd. 8(b), is a clear statement of the intention of the legislature. Our courts have held that due process of law requires that criminal statutes be sufficiently clear and definite to warn a person of what conduct is punishable. *We conclude that the legislature has mandated that courts have no discretion to depart from minimum sentences under those circumstances described in section 609.11, subd. 8(b).*

*Id.* at 56 (quotation and citation omitted) (emphasis added). In *Sheppard*, the defendant requested a sentencing departure, just as appellant has; he had previously been sentenced

to an offense listed under Minn. Stat. § 609.11, subd. 9 (2016), just like appellant; and this court determined that there was no discretion available to a district court when Minn. Stat. § 609.11, subd. 8(b) applies. Minn. Stat. § 609.11, subd. 8(b) has not been amended or changed by the legislature in any way since our decision in *Sheppard*.

Because the plain language of the statute and controlling caselaw prohibit any use of discretion in sentencing when Minn. Stat. § 609.11, subd. 8(b) applies, the district court did not err in sentencing appellant to 60 months in prison.

**Affirmed.**