*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A25-1510**

Antoine C. Whitner,
Appellant,

vs.

Tracy Beltz,
Respondent.

**Filed March 9, 2026
Affirmed
Connolly, Judge**

Rice County District Court
File No. 66-CV-25-732

Antoine C. Whitner, Faribault, Minnesota (pro se appellant)

Keith Ellison, Attorney General, Bradley D. Simon, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Connolly, Presiding Judge; Smith, Tracy M., Judge; and Wheelock, Judge.

**NONPRECEDENTIAL OPINION**

**CONNOLLY**, Judge

Appellant challenges the district court's denial of his petition for a writ of habeas corpus. Because appellant has failed to state a claim for habeas relief, we affirm.

## FACTS

In 1995, pro se appellant Antoine C. Whitner was convicted of third-degree criminal sexual conduct. Almost a decade later, in 2014, appellant was convicted of two counts of possession of child sexual-abuse material[1] by a registered predatory offender and sentenced to concurrent prison sentences of 36 and 45 months, as well as the statutorily mandated ten-year conditional-release term. *See* Minn. Stat. § 617.247, subd. 9 (2010). The Minnesota Department of Corrections (DOC) calculated appellant's projected supervised-release date as November 30, 2016, and his sentence-termination date as March 1, 2018. Appellant's supervised-release date was later extended to January 3, 2017, after he violated prison rules by refusing to enter sex-offender treatment.

Appellant was released from prison on January 3, 2017, and began serving his supervised-release term. But in March 2017, appellant violated the conditions of his release by possessing sexually explicit material and internet-capable devices. Following a hearing, a DOC hearing officer determined that appellant was unamenable to supervision and a risk to the public, revoked appellant's supervised release, and ordered that appellant be returned to prison until his sentence-termination date.

On March 1, 2018, appellant was released from prison and began serving his ten-year conditional-release term. Prior to his release from prison, appellant received and

---

[1] At the time of appellant's conviction, the relevant statute criminalized the possession of "pornographic work involving minors." Minn. Stat. § 617.247 (2010). In 2025, the legislature amended the statute and changed the phrase "pornographic work" to "child sexual abuse material." 2025 Minn. Laws ch. 35, art. 5, § 21, at 76. Because this amendment does not affect the resolution of the case, we use the updated language.

signed the conditions of his release, which included, among other things, that appellant (1) comply with sex-offender programming, (2) refrain from purchasing or possessing sexually explicit materials, and (3) refrain from accessing social-networking websites.

In November 2018, a violation report was filed alleging that appellant possessed sexually explicit materials. The report alleged that the Minneapolis Crime Lab discovered over 1,000 files containing images and videos of child sexual-abuse material that were downloaded to appellant's IP address through four payloads between August 24, 2018, and October 17, 2018. Appellant was arrested and signed an acknowledgment that he had been informed of his rights and told that a revocation hearing would be held on November 30, 2018.

Appellant appeared at the hearing on November 30, represented by counsel, and entered a plea of no contest. The hearing officer found that appellant violated his conditional release by purchasing, possessing, and/or allowing sexually explicit materials in his personal space. The hearing officer also found appellant to be unamenable to supervision and a risk to the public. Thus, the hearing officer revoked appellant's conditional release, returned him to custody for 365 days, and directed appellant to participate in sex-offender treatment during his reimprisonment.

Appellant has been in custody since November 14, 2018, and his case is reviewed each year by hearing officers to evaluate his progress and determine whether he is eligible to be released back to the community on conditional release. Each year, appellant refuses to even apply for sex-offender programming, resulting in his continued confinement. And at his most recent hearing on April 16, 2025, the hearing officer extended appellant's

3

release from confinement for up to 365 days and reiterated the directive that appellant complete sex-offender treatment.

On April 3, 2025, appellant filed a petition for writ of habeas corpus, alleging that the DOC and respondent Tracy Beltz, as warden at Minnesota Correctional Facility-Faribault, where appellant is incarcerated, violated his rights under article I, sections 4, 6, and 7 of the Minnesota Constitution. The district court denied the petition, concluding that appellant "has failed to state a claim for habeas relief." This appeal follows.

**DECISION**

Appellant challenges the denial of his petition for a writ of habeas corpus. A writ of habeas corpus is a statutory civil remedy by which a petitioner may "obtain relief from imprisonment or restraint." Minn. Stat. § 589.01 (2024). Habeas relief is an "extraordinary remedy" that is limited to jurisdictional defects and constitutional violations. *State ex rel. Young v. Schnell*, 956 N.W.2d 652, 673-74 (Minn. 2021) (quotation omitted).

For the district court to grant a petition for a writ of habeas corpus, the petition must allege "sufficient facts to establish a prima facie case for [the petitioner's] discharge." *State ex rel. Fife v. Tahash*, 111 N.W.2d 619, 620 (Minn. 1961); *see also Case v. Pung*, 413 N.W.2d 261, 262 (Minn. App. 1987) (stating that the petitioner has the burden of showing the illegality of their detention), *rev. denied* (Minn. Nov. 24, 1987). The district court must grant a petitioner's request for an evidentiary hearing "only if a factual dispute is shown by the petition." *Seifert v. Erickson*, 420 N.W.2d 917, 920 (Minn. App. 1988), *rev. denied* (Minn. May 18, 1988). This court may affirm the denial of a habeas corpus petition when the petition, on its face, fails to present a case for issuing the writ. *State ex rel. Nelson v.*

*Rigg*, 107 N.W.2d 378, 379 (Minn. 1961). We review questions of law pertaining to a habeas corpus proceeding de novo but afford "great weight" to the district court's findings of fact, which will not be reversed absent clear error. *State ex rel. Ford v. Schnell*, 933 N.W.2d 393, 401, 406-07 (Minn. 2019) (quotation omitted).

Appellant challenges the denial of his petition for a writ of habeas corpus, arguing that the district court erred in determining that (1) respondent revoked appellant's conditional release rather than his supervised release; (2) appellant violated his release condition to refrain from the purchase or possession of sexually explicit materials; and (3) appellant's continued incarceration is lawful. These arguments are addressed in turn.

  A. *The administration of appellant's sentence and conditional-release term was not improper.*

Under Minnesota law, "[a] defendant may not be sanctioned for a supervised-release violation by extending a defendant's imprisonment beyond the completion date of the sentence imposed." *State ex rel. Peterson v. Fabian*, 784 N.W.2d 843, 843-44 (Minn. App. 2010). And "[a] defendant may be sanctioned for a conditional-release violation only if the violation occurs while the defendant is on conditional release." *Id.* at 844.

Appellant appears to argue that, under *Peterson*, he is unlawfully imprisoned because the violation report, dated November 20, 2018, states "Supervised Release" at the top of the page, indicating that "[r]espondent violated [a]ppellant on a supervised release violation when . . . [a]ppellant was on conditional release." We are not persuaded. The record reflects that, on March 1, 2018, appellant completed his 45-month sentence for his 2014 convictions of possession of child sexual-abuse material by a registered predatory

5

offender and began serving his ten-year conditional-release term. At the time, special conditions were imposed that appellant was required to follow while he was on conditional release. Because appellant violated those conditions by failing to refrain from purchasing or possessing sexually explicit material, appellant's conditional release was revoked, and he was returned to prison. Although the November 20, 2018 violation report says "Supervised Release" at the top of the form, the report itself clearly states that appellant has completed his sentences for possession of child sexual-abuse material by a registered predatory offender and "is in the conditional release portion of both sentences." Therefore, respondent complied with *Peterson*, and appellant's confinement is lawful.

B.     *The district court did not err in determining that appellant violated the conditions of his conditional release.*

Appellant contends that the district court erred in determining that he violated the condition that he refrain from purchasing or possessing sexually explicit material because all of his electronic devices that were confiscated by law enforcement were returned without a finding that they contained sexually explicit material. But revoking an offender's release for violating conditions "is justified when there is enough evidence to satisfy the decision-maker that the conduct of the offender does not meet the conditions of his release." *State ex rel. Guth v. Fabian*, 716 N.W.2d 23, 27 (Minn. App. 2006). Because appellant pleaded no contest to the alleged violation, there was a sufficient basis for the district court to determine that appellant violated the conditions of his release.

Appellant also appears to contend that his due process rights were violated because the letter from law enforcement indicating that his electronic devices were returned without

6

a finding that they contained sexually explicit material was not considered at the revocation hearing. But the letter appellant is referring to is a form requesting the return of appellant's property. This form provides no information as to whether appellant purchased or was in possession of sexually explicit material and, therefore, does not support appellant's position that he did not purchase or possess sexually explicit material in violation of his conditions of his release.

Moreover, individuals in revocation proceedings are not entitled to the "full panoply of rights" to which a defendant is entitled during a criminal prosecution. *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). Instead, due process in a revocation hearing requires:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses . . . ; (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and the reasons for revoking parole.

*Id.* at 489. The record here reflects that appellant received such process. As such, appellant has not shown that he was denied due process of law.

C.      *Appellant's continued incarceration is lawful.*

Appellant appears to argue that his continued incarceration is unlawful because neither his attorney, nor the hearing officer, informed him that he could be imprisoned for longer than 365 days when he pleaded no contest at his revocation hearing. And appellant argues that, in light of the lack of information provided to him related to the potential for ongoing incarceration, he should be allowed to withdraw his plea of no contest.

7

To support his position, appellant cites *State v. Henthorne*, 637 N.W.2d 852 (Minn. App. 2002), and *State v. Prowell*, No. A20-0379, 2022 WL 4126124, at *1 (Minn. App. Sept. 12, 2022)*, rev. denied* (Minn. Dec. 13, 2022).  But these two cases involve plea withdrawals related to criminal convictions, rather than a plea in the context of a revocation hearing.  As such, these cases fail to support appellant's position that he should be allowed to withdraw his plea of no contest.

Moreover, there is nothing in the record to indicate that appellant was misadvised by his attorney, or that he was otherwise unaware of the consequences of entering his plea of no contest.  The record further reflects that appellant was aware of the consequences of violating the conditions of his conditional release.  And the record reflects that appellant was fully aware that he was required to complete sex-offender treatment or face the possibility of extended incarceration for failing to complete treatment.  Specifically, in the order revoking appellant's conditional release, the hearing officer stated that appellant is:

> direct[ed] to complete sex offender programming during this period of incarceration if determined to be eligible within Department of Corrections/Sex Offender Treatment policy/procedure and criteria. . . . If [appellant] completes the imposed directive, then [appellant] can be released to an agent approved plan.  If [appellant] fails to complete the imposed directive, sabotages, or refuses to participate, additional accountability time may be assigned up to expiration of conditional release, 12/5/2027.

Appellant chose to not appeal the hearing officer's decision, and since his November 2018 revocation hearing, appellant has failed to complete, and even apply to participate in, sex-offender programming.  The DOC has the authority to reimprison an offender for all or part of the offender's remaining portion of the conditional-release term for violating any

8

condition. *See* Minn. Stat. § 609.3455, subd. 8(c) (2024). Therefore, appellant's continued confinement is lawful, and appellant has failed to show that he is entitled to habeas relief.

**Affirmed.**