STATE of Minnesota, Appellant,

v.

Gregory Eugene WARD, Respondent.

No. A13–1433.

Court of Appeals of Minnesota.

April 14, 2014.

Review Granted June 17, 2014.

Lori Swanson, Attorney General, St. Paul, MN, and Pat Caliberto, Scott County Attorney, Todd Paul Zettler, Assistant County Attorney, Shakopee, MN, for appellant.

Cathryn Middlebrook, Chief Appellate Public Defender, Erik Irving Withall, Assistant Public Defender, St. Paul, MN, for respondent.

Considered and decided by PETERSON, Presiding Judge; HUDSON, Judge; and STAUBER, Judge.

## OPINION

PETERSON, Judge.

Appellant State of Minnesota argues that the district court erred when it reduced respondent's conditional-release term by the amount of time that respondent was originally sentenced to serve on supervised release, despite the fact that respondent remained in prison until the end of his executed sentence. We reverse.

## FACTS

Following a guilty plea, respondent Gregory Eugene Ward was convicted of second-degree criminal sexual conduct for an offense committed in 1994, and, in March 1996, he was sentenced to 34 months in prison. Execution of the sentence was stayed for ten years, and respondent was placed on probation. Respondent disappeared in November 1996 and was not found until October 2010. Respondent admitted violating his probation conditions, and his probation was revoked. His sentence was executed and he was ordered to serve 22–2/3 months in prison and 11–1/3 months on supervised release. The district court also imposed the mandatory ten-year conditional-release period that applied to respondent's offense.

With credit for time served, respondent was scheduled to begin supervised release on March 15, 2012.

However, as a condition of his supervised release, respondent needed to secure approved housing. Respondent was not able to find approved housing, and, less than a day after his supervised release began, he was taken into custody for violating this condition. Because respondent was not able to find approved housing, he served his entire executed sentence in custody before beginning conditional release on February 23, 2013. Based on respondent's failure to serve any supervised release in the community, the Minnesota Department of Corrections (DOC) changed the end date of respondent's conditional-release term from March 15, 2022, by adding the 11–1/3 months that respondent was sentenced to serve on supervised release but, instead, spent in prison because he violated the conditions of his supervised release.

Respondent moved to correct his sentence, arguing that the DOC erred in calculating his conditional-release term because he was not given credit for his time on supervised release. Following a hearing on the motion, the district court issued an order that reduced respondent's conditional-release term by giving respondent credit for the 11–1/3 months that he was sentenced to serve on supervised release. This appeal by the state followed.

## ISSUE

Should respondent's conditional-release term be reduced by the amount of time that respondent was sentenced to serve on supervised release even though respondent remained in prison until the end of his executed sentence?

## ANALYSIS

 Under the Minnesota sentencing system, " '[e]xecuted sentence' means the total period of time for which an inmate is committed to the custody of the commissioner of corrections." Minn.Stat. § 244.01, subd. 9 (1994).[1] Respondent's executed sentence was 34 months. An executed sentence is divided between a term of imprisonment and supervised release.

" 'Term of imprisonment,' . . . as applied to inmates whose crimes were committed on or after August 1, 1993, is the period of time equal to two-thirds of the inmate's executed sentence." Minn.Stat. § 244.01, subd. 8 (1994). Respondent's term of imprisonment was 22–2/3 months. When his executed sentence began, this was the minimum amount of time that respondent was to serve in prison. The amount of time that respondent ultimately served in prison depended on respondent's supervised release.

" 'Supervised release' means the release of an inmate pursuant to section 244.05." Minn.Stat. § 244.01, subd. 7 (1994). Under Minn.Stat. § 244.05 (1994), the commissioner of corrections established disciplinary offense rules[2] "to specify disciplinary offenses which may

---

1. The statutes that were in effect when respondent committed the criminal-sexual-conduct offense apply. *See Weaver v. Graham,* 450 U.S. 24, 28, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981) (stating that *ex post facto* prohibition in United States constitution "forbids the Congress and the States to enact any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed") (quotation omitted).

2. The disciplinary offense rules were to be established by August 1, 1993. Minn.Stat. § 244.05, subd. 1b(b).

result in imposition of a disciplinary confinement period and the length of the disciplinary confinement period for each disciplinary offense." Minn.Stat. § 244.05, subd. 1b(b). Any disciplinary confinement period imposed on an inmate is added to the inmate's term of imprisonment, and "[t]he amount of time the inmate serves on supervised release shall be equal in length to the amount of time remaining in the inmate's executed sentence after the inmate has served the term of imprisonment and any disciplinary confinement period imposed by the commissioner." Minn.Stat. § 244.05, subd. 1b(a).[3] The commissioner did not impose any disciplinary confinement period on respondent. Thus, upon completing two thirds of his executed sentence, respondent was to begin serving the remaining one third of his executed sentence on supervised release.

However, under section 244.05, the commissioner of corrections was also required to adopt "standards and procedures for the revocation of supervised release" and "specify the period of revocation for each violation of supervised release." Minn. Stat. § 244.05, subd. 2. Section 244.05 also provides that "[i]f an inmate violates the conditions of the inmate's supervised release imposed by the commissioner, the commissioner may … revoke the inmate's supervised release and reimprison the inmate for the appropriate period of time." Minn.Stat. § 244.05, subd. 3. Supervised release may be revoked for no longer than the amount of time remaining in the inmate's sentence. *Id.*

As a condition of his supervised release, respondent was to obtain approved housing. When he was not able to find housing, his supervised release was revoked,

and he remained in prison until the end of his executed sentence. When respondent completed his executed sentence, the commissioner of corrections was required by statute to place him "on conditional release for ten years, minus the time [he] served on supervised release." Minn.Stat. § 609.346, subd. 5(a) (1994). Because respondent remained in prison until the end of his executed sentence, the commissioner determined that he had not served time on supervised release, and, therefore, did not reduce respondent's ten-year conditional release for any time served on supervised release.

Respondent moved to correct his sentence by subtracting from his ten-year conditional-release period the 11–1/3 months that he had been sentenced to serve on supervised release. The district court concluded that "the supervised release period is to be deducted from the conditional release period. Whether [respondent] was in or out of custody during his supervised release time does not change the requirement that the supervised release time must be deducted."

 The state argues that the district court erred in interpreting Minn.Stat. §§ 244.05 and 609.346. We review the district court's statutory interpretation de novo, as a question of law. *Miller v. State,* 714 N.W.2d 745, 747 (Minn.App.2006). "The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2012). "When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit." *Id.* But when a stat-

---

**3.** Two exceptions apply to Minn.Stat. § 244.05, subd. 1b(a), but there is no claim that either exception applies to respondent.

ute is ambiguous and "subject to more than one reasonable interpretation," we will apply rules of construction in order to ascertain legislative intent. *State v. Leathers,* 799 N.W.2d 606, 608 (Minn.2011) (quotation omitted).

When applied to respondent, the reference in Minn.Stat. § 609.346, subd. 5(a), to time "served on supervised release" is ambiguous because respondent served his term of imprisonment and began serving his supervised release, but his supervised release was revoked and he was returned to prison. Under these circumstances, time "served on supervised release" could be reasonably interpreted to mean either all of the time remaining in respondent's executed sentence after he began serving his supervised release or only the time when respondent was released from prison before his supervised release was revoked.

Under the statutory rules of construction, to ascertain legislative intent, we consider, among other things, the purpose of the law, the consequences of a particular interpretation, legislative history, and administrative interpretations of the statute. Minn.Stat. § 645.16. We presume that the legislature intended "the entire statute to be effective and certain." Minn.Stat. § 645.17 (2012).

The purpose of both supervised release and conditional release is to provide continuous supervision of a sex offender after release from prison. *State v. Koperski,* 611 N.W.2d 569, 572 (Minn.App.2000).[4] But because the conditional-release term for a sex offender is a fixed five- or ten-year term established under Minn.Stat. § 609.346, subd. 5(a), it is apparent that an

additional purpose of conditional release is to maintain supervision of a sex offender for a minimum length of time. When an offender spends time in the community on supervised release and the time is deducted from the offender's conditional-release term, both purposes of the conditional-release statute are served: the offender is supervised in the community for a minimum length of time. Both purposes are not served if an offender on supervised release is returned to prison and the offender's conditional release is reduced by the additional time spent in prison. In that case, supervision of the offender in the community is not maintained for a minimum length of time. Respondent spent no time in the community on supervised release, and if his conditional release is reduced by 11–1/3 months, the consequence will be that the time he spends under supervision in the community will be less than the ten years he is required to be on conditional release.

Also, the supervised-release statute permits the commissioner to revoke an inmate's supervised release and reimprison the inmate if the inmate violates the conditions of release. Minn.Stat. § 244.05, subd. 3. "Revoke" means to "void or annul by recalling, withdrawing, or reversing." *The American Heritage College Dictionary* 1169 (3d ed.1997). Thus, when the commissioner revokes an inmate's supervised release, the supervised release is null or void or withdrawn, and the inmate is no longer on supervised release. The plain meaning of section 244.05, subd. 3, is consistent with interpreting Minn.Stat.

---

4. This court concluded in *Koperski* that conditional release for one offense could be served concurrently with a longer sentence for a separate offense while the defendant remained in prison for the separate offense. *Id.* at 571–72. The longer sentence, which the defendant continued to serve in prison after the shorter sentence expired, did not include a term of conditional release. *Id.* at 570. This court determined that under these unique facts, the period of conditional release had to begin while the defendant was still in prison serving the longer sentence. *Id.* at 573.

§ 609.346, subd. 5(a), to mean that conditional release should be reduced only by the time that an offender was in the community on supervised release. While in the community, an inmate remains on supervised release and is serving on supervised release. But when an inmate is returned to prison, the inmate's supervised release has been revoked, and the inmate is not serving on supervised release.

Finally, the rules enacted by the commissioner of corrections under Minn.Stat. § 243.05, subd. 2 (1994), to govern procedures for granting supervised release, define "supervised release" as "that portion of a determinate sentence served by an inmate *in the community under supervision* and subject to prescribed rules." Minn. R. 2940.0100, subp. 31 (1995) (emphasis added). The rules permit an offender's supervised release to be revoked and the offender to be returned to prison if the offender violates the conditions of supervised release. Minn. R. 2940.3700(C) (1995).

■ We conclude that the legislature intended conditional release to serve the purpose of maintaining supervision of a sex offender for a fixed period after the offender leaves prison and returns to the community. Reducing conditional release by only the amount of time that an offender served in the community on supervised release, rather than by the amount of time that the offender was originally ordered to serve on supervised release, accomplishes this purpose. Thus, when an inmate's supervised release is revoked and the inmate is returned to prison, the inmate is not serving on supervised release, and the inmate's conditional release should not be reduced by the time spent in custody after revocation.

## DECISION

When respondent's supervised release was revoked and respondent was returned to prison, respondent was not serving on supervised release, and his conditional release should not have been reduced by the amount of time that he remained in prison after his supervised release was revoked.

**Reversed.**