*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0902**

State of Minnesota,
Respondent,

vs.

Antonio Carl Harris,
Appellant.

**Filed February 2, 2015
Affirmed
Smith, Judge**

Wright County District Court
File No. 86-CR-07-9050

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Thomas N. Kelly, Wright County Attorney, Karen L. Wolff, Assistant County Attorney, Buffalo, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Sean M. McGuire, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Smith, Presiding Judge; Ross, Judge; and Schellhas, Judge.

## UNPUBLISHED OPINION

**SMITH**, Judge

        We affirm the district court's decision not to correct appellant's sentence under

Minn. R. Crim P. 27.03, subd. 9 because appellant is not entitled to a reduction in the

length of his conditional-release term for the time he spent in custody that he otherwise would have spent on supervised release.

## FACTS

In October 2007, appellant Antonio Harris was charged with fourth-degree criminal sexual conduct, attempted fourth-degree criminal sexual conduct, criminal sexual predatory conduct, and false imprisonment. Harris pleaded guilty to one count of fourth-degree criminal sexual conduct, and the other charges were dismissed. At sentencing, the parties explained that they had agreed to a downward-durational departure of 36 months in prison, rather than 48 months, and an upward-dispositional departure of an executed sentence, rather than a stayed sentence, so that Harris could receive treatment in prison. The parties also agreed that Harris would receive a ten-year conditional-release period. The district court sentenced Harris to "an executed period of 36 months" in prison, 12 months of supervised release, and ten years of conditional release.

Harris was released from prison on October 16, 2009, and started his supervised release. The Minnesota Department of Corrections (DOC) calculated the end of Harris's ten-year conditional release as October 16, 2019.[1] In April 2010, Harris was arrested for violating the terms of his release and returned to prison for 120 days. The DOC twice extended Harris's time in prison to allow probation to create a release plan, but Harris's conditional-release expiration date remained October 16, 2019. According to Harris, he

---

[1] Harris provides an affidavit on appeal, giving background information regarding the DOC's calculation of conditional-release expiration dates. Because this affidavit was not presented to the district court, it is not part of the record on appeal. *See* Minn. R. Civ. App. P. 110.01 ("The documents filed in the trial court, the exhibits, and the transcript of the proceedings, if any, shall constitute the record on appeal in all cases.").

was released on conditional release because his supervised-release term had expired while he was in prison.

In January 2013, Harris was again arrested for violating the terms of his release. Harris's supervised release was revoked and he was assigned 365 days in prison. At that time, the DOC recalculated Harris's conditional-release expiration date as June 11, 2020.

In October 2013, Harris filed a pro se petition for postconviction relief, challenging the length of his sentence. With the assistance of counsel, Harris later filed a motion to correct his sentence under Minn. R. Crim. P. 27.03, subd. 9. Harris requested reinstatement of a November 19, 2019 conditional-release date.[2]

At the district court hearing, the prosecutor "agree[d] that the [c]ourt can issue some order to the effect that the conditional release runs until 2019." He agreed to this order even though the DOC "has a different way of calculating that" and there was a case before the supreme court that "may ultimately decide how they can calculate that." The district court told Harris: "[I]t was my intention when you were first sentenced, that the term of supervised release, whether it be in or out of custody, [would] overlap with the conditional-release period." The district court stated that it would issue an amended sentencing order, but warned that the order could "change in the future" based on the supreme court's decision in *State v. Schnagl. See* No. A13-1332, 2013 WL 6152348 (Minn. App. Nov. 25, 2013), *review granted* (Minn. Feb. 18, 2014).

---

[2] Harris concedes that his conditional-release expiration date was properly extended for the days he absconded between the issuance of a warrant and his January 2013 arrest.

3

On May 5, 2014, the district court filed an amended sentencing order according to the parties' agreement that Harris's conditional release would end in 2019. The order stated that "[s]upervised release[] whether performed in or out of custody shall be credited against [Harris's] conditional release term."

Two days later, the district court wrote a letter to Harris, explaining that it had reviewed this court's recent decision in *State v. Ward*, 847 N.W.2d 29 (Minn. App. 2014), *review granted* (Minn. June 17, 2014) and had concluded that it "made an error of law in the sentencing order issued on May 5, 2014." The district court filed a new scheduling order, stating that Harris's "[t]erm of conditional release shall not be reduced by the time [he] spent in custody on a supervised release revocation." Under this order, the expiration date of Harris's conditional release falls in 2020.

## DECISION

The district court "may at any time correct a sentence not authorized by law." Minn. R. Crim P. 27.03, subd. 9. When Harris completed his executed sentence, the DOC was required to place him "on conditional release for ten years, minus the time [he] served on supervised release." *See* Minn. Stat. § 609.3455, subd. 6 (2006). Harris challenges the district court's interpretation of this statute. "Interpretation of a sentencing statute is a question of law which this court reviews de novo." *State v. Borrego*, 661 N.W.2d 663, 666 (Minn. App. 2003).

Harris argues that "[t]he district court erred by refusing to correct [his] sentence so that the time he served on supervised release is subtracted from his conditional release period." In making this argument, Harris cites two opinions from this court, *State v.*

4

*Koperski*, 611 N.W.2d 569 (Minn. App. 2000) and *State v. Enger*, 539 N.W.2d 259 (Minn. App. 1995), *review denied* (Minn. Dec. 20, 1995). But in *Ward*, we recently held that, "when an inmate's supervised release is revoked and the inmate is returned to prison, the inmate is not serving on supervised release, and the inmate's conditional release should not be reduced by the time spent in custody after revocation." 847 N.W.2d at 34. *Ward* was decided based on an earlier statute, but the relevant statutory language was nearly identical.[3]

When an inmate violates the conditions of his supervised release, the commissioner may continue his supervised-release term or revoke supervised release and reimprison him. Minn. Stat. § 244.05, subd. 3 (2006). Here, the commissioner chose to revoke supervised release and reimprison Harris. Harris therefore did not serve the full term of his supervised release, which requires supervised time outside prison. Because Harris's supervised release was revoked, *see id.*, he is not entitled to a reduction in the length of his conditional-release term. The district court did not err by declining to correct the length of Harris's conditional-release term.

**Affirmed.**

---

[3] The relevant statute was created in 2005, and states that the DOC "shall place the offender on conditional release for ten years, minus the time the offender served on supervised release." 2005 Minn. Laws ch. 136, art. 2, § 21, at 931. The statute in *Ward* stated that "the person shall be placed on conditional release for ten years, minus the time the person served on supervised release." *See* Minn. Stat. § 609.346, subd. 5(a) (1994); *Ward*, 847 N.W.2d at 32.