*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1349**

State of Minnesota, ex rel.

Demetris L. Duncan, petitioner,
Appellant,

vs.

Tom Roy, Commissioner of Corrections,
Respondent.

**Filed November 9, 2015
Affirmed
Chutich, Judge**

Chisago County District Court
File No. 13-CV-14-865

Lori Swanson, Attorney General, Kelly S. Kemp, Assistant Attorney General, St. Paul, Minnesota; and

Jean M. Whitney, Department of Corrections, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer L. Lauermann, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Chutich, Presiding Judge; Ross, Judge; and Larkin, Judge.

UNPUBLISHED OPINION

**CHUTICH**, Judge

This expedited appeal is from an order denying a petition for a writ of habeas corpus that was filed by appellant Demetrius Duncan in Chisago County. The district court rejected Duncan's claim that the respondent commissioner of corrections miscalculated his conditional release term by failing to reduce it by the entire supervised release term, whether he served that term in prison or in the community. In so ruling, the district court relied on this court's decision in *State v. Ward*, 847 N.W.2d 29 (Minn. App. 2014) (holding that an offender is not entitled to reduction of conditional release term by time served in custody after supervised release revoked), *review granted and stayed* (Minn. June 17, 2014), *stay vacated and review denied* (Minn. Mar. 17, 2015). Because the district court did not err in its decision to apply *Ward* and in its review of the commissioner's administrative decision implementing Duncan's sentence, we affirm.

## FACTS[1]

Duncan was convicted of first-degree criminal sexual conduct, in violation of Minn. Stat. § 609.342 (1998), for an offense he committed in July 2000. *See State v. Duncan*, No. CX-01-1400, 2002 WL 378146 (Minn. App. Mar. 12, 2002), *review denied* (Minn. May 14, 2002). He was sentenced on May 24, 2001, to 196 months in prison and five years of conditional release, as mandated by Minn. Stat. § 609.109, subd. 7(a) (1998).

---

[1] The facts appear undisputed, and Duncan does not challenge the findings made by the district court in its June 22, 2015 order denying his habeas petition. Only the relevant facts are repeated here.

Duncan was released from custody on his scheduled supervised release date, August 18, 2011. Because he could not find an approved residence that satisfied the conditions of his release, he was returned to custody and his release was revoked. Based on his continued inability to secure an approved residence, he remained in custody and served only one day of supervised release in the community. By letter dated September 4, 2012, the Department of Corrections notified Duncan that his conditional release date was extended from August 18, 2016, to December 30, 2021.

Duncan filed this petition for a writ of habeas corpus in Chisago County on September 24, 2014. In November 2014, Duncan located approved housing, and on December 11, 2014, he was released in the community, where it appears he has remained.

On June 22, 2015, the district court issued an order denying Duncan's petition for a writ of habeas corpus, based on this court's decision in *Ward*. The court concluded that, as in *Ward*, the time that Duncan spent in prison during his supervised release term may not be subtracted from his conditional release term and that the commissioner properly calculated Duncan's conditional release term. Duncan appeals.

### D E C I S I O N

As a threshold matter, the commissioner urges this court to hold that Duncan's current claims are precluded by res judicata. The commissioner contends that Duncan's claims regarding the calculation of his conditional release term were considered on the merits and rejected by the district court in an order filed on January 3, 2013, denying an earlier habeas petition filed by Duncan. *See Duncan v. Roy*, No. 13-CV-12-1007 (Minn. Dist. Ct. Jan. 3, 2013). We reject this contention for the following reasons.

3

Res judicata may preclude a petitioner from re-litigating issues decided against him in a previous habeas proceeding. *See Thompson v. Wood*, 272 N.W.2d 357, 358 (Minn. 1978) (citing *State ex rel. DuFault v. Utecht*, 220 Minn. 431, 19 N.W.2d 706 (1945)). But res judicata is a defense that must be raised in pleadings, *see* Minn. R. Civ. P. 8.03, and a failure to raise the affirmative defense may operate as a waiver. *Beutz v. A.O. Smith Harvestore Prods., Inc.*, 431 N.W.2d 528, 532 n.3 (Minn. 1988). We decline to apply the doctrine of res judicata here because it was not raised or considered in the district court and was first raised in the respondent's brief. It is also unclear whether the claims addressed by the district court in the prior order are identical to the claims raised in the current habeas petition. The case law has changed since 2013, with the supreme court's decision in *State v. Schnagl*, 859 N.W.2d 297 (Minn. 2015) and this court's decision in *Ward*, and Duncan has not had an opportunity to respond to the commissioner's assertion of the defense.

Regarding the merits of his habeas claim, Duncan contends that he is entitled to a reduction of his conditional release term by his supervised release term, whether he served that time in custody or in the community. The controlling conditional release statute provides that "after the person has completed the sentence imposed . . . the person shall be placed on conditional release for five years, minus the time the person served on supervised release." Minn. Stat. § 609.109, subd. 7(a) (1998).[2] We review the district

---

[2] While this provision requiring conditional release for sex offenders has been renumbered several times, the statutory language reducing the conditional release term by the "time the person served on supervised release" has been in effect since 1993. *See* 1993 Minn. Laws ch. 326, art. 9, § 9, at 2089 (adding conditional release to section

4

court's interpretation and application of a statute de novo. *Rud v. Fabian*, 743 N.W.2d 295, 298 (Minn. App. 2007), *review denied* (Minn. Mar. 26, 2008).

The district court denied Duncan's petition, relying on this court's decision in *State v. Ward*. *Ward* involved an appeal by the state from an order granting the defendant's motion for correction of sentence under Minn. R. Crim. P. 27.03, subd. 9. This court held that when an offender's supervised release is revoked and he is returned to prison, he is not actually on supervised release and therefore not entitled to a reduction of conditional release by the time spent in custody after revocation. *Ward*, 847 N.W.2d at 34.

The supreme court granted Ward's petition for further review and stayed further proceedings pending its decision in *Schnagl*. After *Schnagl* was released,[3] the supreme court issued an order in *Ward* vacating its previous grant of review and denying further review "without prejudice to the filing of a petition for a writ of habeas corpus in the district court."

---

609.346, subd. 5); 1998 Minn. Laws ch. 367, art. 6, § 6, at 731 (renumbering conditional release provision as section 609.109, subdivision 7(a)); 2005 Minn. Laws ch. 136, art. 2, § 21, at 931 (renumbering conditional release provision as section 609.3455, subdivision 6, and increasing term to ten years).

[3] In *Schnagl*, the supreme court specifically declined to reach the merits of Schnagl's claim that he was entitled to a reduction of his conditional release term by time spent on supervised release, whether he served that time in custody or in the community. Rather, the decision narrowly held that the proper procedure to obtain judicial review of an administrative decision regarding the expiration date of an offender's supervised or conditional release term is by a petition for a writ of habeas corpus. *Schnagl*, 859 N.W.2d at 303–04, 304 n.9.

Given this language in the supreme court's order denying further review, both parties question the continuing viability of *Ward*. Duncan contends that *Ward*'s analysis runs counter to the plain language of the relevant statutes and cites several reasons why its reasoning is incorrect. The commissioner, on the other hand, urges this court to follow *Ward*, but he also submits additional legal arguments to bolster his position and to support the result ultimately reached in *Ward*.

After carefully considering each party's arguments concerning the continuing viability of the *Ward* decision, we conclude that *Ward* was correctly decided and that its reasoning applies to the arguments raised by Duncan in this habeas proceeding. Because the supreme court did not reach or comment on the merits of *Ward*, this court's holding in *Ward* remains undisturbed. Accordingly, we are bound to follow *Ward*, a published decision of this court involving the same statutory language at issue in this case. *See State v. M.L.A.*, 785 N.W.2d 763, 767 (Minn. App. 2010) (stating that the court of appeals "is bound by supreme court precedent and the published opinions of the court of appeals"), *review denied* (Minn. Sept. 21, 2010).

In *Ward,* this court concluded that "the reference in [the statute] to time 'served on supervised release' is ambiguous because [Ward] served his term of imprisonment and began serving his supervised release, but his supervised release was revoked and he was returned to prison." 847 N.W.2d at 33. *Ward* explained that "[u]nder these circumstances, time 'served on supervised release' could be reasonably interpreted to mean either all of the time remaining in [Ward's] executed sentence after he began

6

serving his supervised release or only the time when [Ward] was released from prison before his supervised release was revoked." *Id.*

This court then applied statutory rules of construction to ascertain legislative intent, including "the purpose of the law, the consequences of a particular interpretation, legislative history, and administrative interpretations of the statute." *Id.* Based on these considerations, the *Ward* court concluded that the "legislature intended conditional release to serve the purpose of maintaining supervision of a sex offender for a fixed period after the offender leaves prison and returns to the community" and that "[r]educing conditional release by only the amount of time that an offender served in the community on supervised release, rather than by the amount of time that the offender was originally ordered to serve on supervised release, accomplishes this purpose." *Id.* at 34. We find that *Ward* controls here.[4] We therefore conclude that the commissioner properly applied the law to his administrative decision regarding the date that Duncan's conditional release term expires, and we affirm the district court's denial of Duncan's petition for a writ of habeas corpus.

In the alternative, Duncan argues that he is entitled to a reduction of his conditional release term because the district court in Washington County erred when it dismissed without prejudice an earlier habeas petition that Duncan had filed there. But

---

[4] We note that the legislature has since resolved any ambiguity in the statute. In 2013, the legislature amended the language to specifically state that conditional release begins "after the offender has been released from prison" and that "[a]n offender, while on supervised release, is not entitled to credit against the offender's conditional release term for time served in confinement for a violation of release." 2013 Minn. Laws ch. 96, §§ 3, 5, at 744–45. The 2013 amendment, however, became effective on August 1, 2013, and only applies to crimes committed on or after that date. *Id.*

the current appeal is from the Chisago County district court's order denying Duncan's petition for habeas relief; the Washington County district court's order is thus outside the scope of this appeal. Moreover, Duncan previously filed an appeal from the Washington County district court's order with this court, which was dismissed without prejudice because the appeal was taken from an order that was not final and not appealable. *See State ex rel. Duncan v. Roy*, No. 14-1790 (Minn. App. Nov. 5, 2014). Duncan did not seek further review of this court's order and cannot now challenge or collaterally attack it in this appeal.

We therefore affirm the Chisago County district court's order denying Duncan's petition for a writ of habeas corpus.

**Affirmed.**