*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1475**

State of Minnesota, ex rel.,

Gregory Eugene Ward, petitioner,
Appellant,

vs.

Tom Roy,
Commissioner of Corrections,
Respondent.

**Filed June 20, 2016
Affirmed
Ross, Judge**

Anoka County District Court
File No. 02-CV-15-2961

Cathryn Middlebrook, Chief Appellate Public Defender, Sharon E. Jacks, Assistant Public Defender, Erik I. Withall, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, Kelly S. Kemp, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Reyes, Presiding Judge; Ross, Judge; and Smith, Tracy M., Judge.

UNPUBLISHED OPINION

**ROSS**, Judge

This appeal tests the precedential value of an opinion of this court when the supreme court at first granted a petition for further review of that opinion but then denied the petition, dismissing the appeal without prejudice and allowing the losing party to raise the same substantive legal issues in the district court under a different procedural mechanism. Gregory Ward challenges the district court's decision denying his petition for writ of habeas corpus and upholding the department of correction's recalculation of his conditional-release period. Ward bases his appeal on a theory we rejected on the merits in the state's prior appeal after the district court granted Ward's motion to correct his sentence under Minnesota Rule of Criminal Procedure 27.03, subdivision 9. Because Ward's habeas petition rests on the same substantive theory that we rejected when we resolved the state's appeal of his rule 27.03 motion, the district court rejected the theory in his habeas action. Ward argues that the district court should not have relied on this court's opinion because the supreme court's dismissal of his petition for further review without prejudice and with direction to file a habeas petition effectively vacated this court's opinion. We reach a different conclusion. And we affirm.

## FACTS

Ward pleaded guilty to second-degree criminal sexual conduct in 1995, and the district court sentenced him to a prison term but stayed the execution on probationary conditions. In 2011 the district court revoked Ward's probation and imposed a 34-month sentence with a mandatory ten-year conditional-release period. Ward completed his

imprisonment term and began supervised release. But he could not find approved housing after release, so the state jailed him, revoked his supervised release, and returned him to prison. Ward continued to be unable to find approved housing during his supervised-release term, so he remained in prison. The state applied the time he spent in jail to credit his conditional-release term, but it did not apply any prison time. The department of corrections recalculated Ward's conditional-release term to run to January 29, 2023, rather than the previously scheduled termination date of March 15, 2022.

Ward moved to correct his sentence under Minnesota Rule of Criminal Procedure 27.03, subdivision 9. The district court granted Ward's motion, but this court reversed. *See State v. Ward*, 847 N.W.2d 29, 30 (Minn. App. 2014) (*Ward I*), *review granted and stayed* (Minn. June 17, 2014), *stay vacated and review denied* (Minn. Mar. 17, 2005). We determined that Minnesota Statutes section 609.346, subdivision 5(a) (1994), was ambiguous. 847 N.W.2d at 33. We considered particularly the provision that the prisoner's conditional-release period is reduced by "the time the person served on supervised release," and we held that the legislature intended for conditional release to be reduced only by the time served on supervised release in the community, not in confinement. *Id.* at 34. Because Ward's supervised release was revoked and he returned to prison, we upheld the department's decision not to subtract the time Ward spent in prison from his conditional-release term. *Id.*

The supreme court granted Ward's petition for further review, but it stayed the proceedings until it decided another case brought under rule 27.03, subdivision 9, *State v. Schnagl*, 859 N.W.2d 297 (Minn. 2015). The *Schnagl* court held that the proper procedural

method to challenge the department's recalculation of a conditional-release term when the offender's supervised-release term is revoked is not rule 27.03 but a petition for habeas corpus. *Id.* at 302–03. After it issued the *Schnagl* decision, the supreme court denied Ward's petition for further review "without prejudice to the filing of a petition for a writ of habeas corpus in the district court."

Ward filed a habeas corpus petition in district court. In it he argued that his conditional-release term should be reduced by the full length of his supervised-release term, including the time he was incarcerated and not in the community. The district court denied the petition, holding that it was bound by this court's decision in *Ward I*. Ward appeals.

## D E C I S I O N

On a writ of habeas corpus, generally the petitioner bears the burden of showing his detention is illegal. *Breeding v. Swenson*, 240 Minn. 93, 97, 60 N.W.2d 4, 7 (1953). But because the district court only applied and interpreted statutes to reach its decision, our review is de novo. *See Rud v. Fabian*, 743 N.W.2d 295, 298 (Minn. App. 2007).

We begin with some background on the executed-sentence scheme for all offenders and the specific conditional-release requirement for certain sex offenders. An offender's "executed sentence" is divided in two. Minn. Stat. § 244.101, subd. 1 (1994). The offender first serves a prison term equal to at least two-thirds of his executed sentence. *Id.* The final third of his executed sentence is the maximum supervised-release term. *Id.* If the offender commits no disciplinary offenses in prison and complies with his supervised-release conditions, he generally will serve the entire supervised-release term in the community.

4

*Id.*, subd. 2 (1994); Minn. Stat. § 244.05 (1994). But if the offender violates conditions of supervised release, the department of corrections may revoke the supervised release and re-imprison him for the balance of the executed sentence. Minn. Stat. § 244.05, subd. 3.

Ward's challenge finds the intersection of these provisions and the statute mandating a ten-year, conditional-release period for sex offenders. In 1994, before Ward's offense, that mandate provided that certain offenders, like Ward, "shall be placed on conditional release for ten years, minus the time the person served on supervised release." Minn. Stat. § 609.346, subd. 5(a). Ward and the commissioner dispute whether this means that the department should subtract the final third of the executed sentence or it should subtract only that part that the offender served in the community. We examined and decided this issue in the prior appeal, holding that the legislature intended the offender's conditional-release term to be reduced only by the supervised-release time served in the community. *See* 847 N.W.2d at 34.

Although the supreme court denied his petition for further review, Ward argues that our decision in that case is not binding because the supreme court denied review without prejudice and allowed him to reassert his claims in a habeas petition. He reasons that the supreme court would not have invited him to present to the district court a statutory-interpretation issue that the district court was not truly free to decide on the merits. The commissioner counters, urging us to follow our decision in *Ward I* as binding precedent. The commissioner adds arguments supporting the department's recalculation of Ward's conditional-release period that we did not consider in the previous appeal because the commissioner was not a party and unable to intervene. *See Schnagl*, 859 N.W.2d at 302.

5

In the first challenge to the department's recalculation of Ward's conditional-release period, we held that the department appropriately reduced that period by only the number of days that he spent on supervised release in the community. 847 N.W.2d at 34. We deemed ambiguous Minnesota Statutes section 609.346, subdivision 5(a), because time "served on supervised release" may be interpreted as either the full time remaining in the executed sentence after the imprisonment term or only the amount of time between the end of imprisonment and the point supervised release is revoked. *Id.* at 33. We held that both supervised and conditional release were designed to provide continuous supervision of the offender *after* release from prison, observing that the conditional-release period is a fixed term and that this implies that the legislature intended sex offenders to be supervised for a minimum length of time. *Id.* We also observed that, because Ward's supervised release period was "revoked," he was not actually *serving* supervised release during his time in prison. *Id.* at 33–34. And finally, we observed that the commissioner had authority to enact rules governing the procedures for granting supervised release, which the commissioner did, defining "supervised release" as occurring only "in the community under supervision." *Id.* at 34 (citing Minn. R. 2940.0100, subp. 31 (1995)). We ultimately held that the legislature intended conditional release to allow for supervision of the offender for a fixed period after the offender returns to the community. *Id.*

The reasoning of our decision is sound, and so we would follow it even if it were not binding. In any event, we are bound to follow it as a published decision of the court. *See State v. M.L.A.*, 785 N.W.2d 763, 767 (Minn. App. 2010), *review denied* (Minn. Sept.

6

21, 2010). Ward cites no authority challenging the opinion's precedential quality in this procedural setting.

And we recently determined that supervised-release time must be served in the community after release from prison to count against the conditional-release period, where the offender was serving his term of imprisonment on a concurrent sentence for an unrelated offense. *State ex rel. Pollard v. Roy*, 878 N.W.2d 341, 349–50 (Minn. App. 2016), *pet. for review filed* (Minn. May 11, 2016). Although *Pollard* interprets a later, renumbered version of the statute, Minn. Stat. § 609.3455, subd. 6 (Supp. 2005), the language remained the same. *See* 1993 Minn. Laws ch. 326, art. 9, § 9, at 2089; 1998 Minn. Laws ch. 367, art. 6, § 6, at 731; 2005 Minn. Laws ch. 136, art. 2, § 21, at 931. The legislature reworded the statute in 2013 specifically to address both the *Pollard* and *Ward I* situations, confirming that conditional release begins "after the offender has been released from prison" and that "[a]n offender, while on supervised release, is not entitled to credit against the offender's conditional release term for time served in confinement for a violation of release." 2013 Minn. Laws ch. 96, §§ 3, 5, at 744–45. The 2013 amendment applies only to crimes committed on or after the statute's effective date of August 1, 2013, and it therefore is not determinative here. *Id.* We do not rely on *Pollard* because our decisions are not binding until the deadline for granting review by the supreme court has expired, *State v. Collins*, 580 N.W.2d 36, 43 (Minn. App. 1998), *review denied* (Minn. July 16, 1998), and because of slight differentiations in the circumstances. *Pollard* nevertheless illustrates our understanding of the intersection of supervised release and conditional release.

We affirm the district court's denial of Ward's habeas corpus petition on the basis that the commissioner did not err in interpreting section 609.346, subdivision 5(a). We need not address Ward's or the commissioner's additional arguments.

**Affirmed.**